UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOHNATHAN ANDRUE PAWLEY                                                                    PLAINTIFF

v.                                                                          Civil Action No. 3:24-cv-158-RGJ

CAROL B. MEINHART                                                                          DEFENDANT

\* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Johnathan Andrue Pawley filed the instant *pro se* civil-rights action. Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

**I.**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. [DE 1 at 1]. He sues Defendant Carol B. Meinhart for violations of his Sixth Amendment and Eighth Amendment rights under the United States Constitution. [*Id.* at 2]. Plaintiff states that he is the sole beneficiary of the Estate of John S. Pawley and that Defendant Meinhart, an attorney, was appointed the public administrator (trustee) of the estate by WesBanco Bank of Elizabethtown. [*Id.* at 4]; *see also In re Estate of John S. Pawley*, Civil Action No. 15-P-00753 (Hardin District Court).[1] Plaintiff alleges that "[d]ue to the negligence of the counsel and [Defendant's] failure to uphold her [fiduciary] duty and protect all the gifted funds, the [Plaintiff] was physically and mentally harmed." [*Id.* at 5]. Plaintiff asserts that because of her conduct, he suffered a complete loss of

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj.kycourts.net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), and of "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

the funds and his inherited home in Vine Grove, Kentucky. Plaintiff further alleges he has been jailed, imprisoned, and harassed by the Vine Grove Police Department for Defendant Meinhart's negligence. [*Id.*]. Plaintiff seeks an accounting of the estate, an award of money damages, and the re-purchase of his inherited property. [*Id.* at 5–6].

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

#### A.  42 U.S.C. § 1983

Plaintiff asserts claims for violations of his Sixth Amendment and Eighth Amendment rights under 42 U.S.C. § 1983.  Section 1983 does not create substantive rights, but merely provides "a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).  Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States.  A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).  Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Defendant Meinhart is not a state actor for purposes of § 1983. The law is clear that "[a] plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Defendant in this case is a private actor. *See Polk County v. Dodson*, 454 U.S. 312, 318 (2003) (lawyers acting under the ethical standards of a lawyer-client relationship, acting in that traditional role, are not state actors); *Mitchell v. Connecticut Region 14 Dist. Prob. Court*, No. 3:14-CV-630 (JAM), 2015 WL 4094188, at *5 (D. Conn. July 7, 2015) ("Despite the fact that various defendants were alleged to have been appointed by the probate court as trustees or administrators of the living trust, this does not suffice to establish that their subsequent actions constituted state action for purposes of liability under Section 1983."); *Duke v. Isabella Cnty.*, No. 07-12656, 2007 WL 2005042, at *1 (E.D. Mich. July 10, 2007) (*guardian ad litem*, court-appointed conservators, and banks are not state actors under § 1983).

Therefore, Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 must be dismissed for failure to state a claim upon which relief may be granted.

### B. Abstention Doctrine

In as much as Plaintiff seeks to have this Court interfere with the state-court probate proceeding, *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)). "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in

the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *American Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case, and therefore, any relief sought that would interfere with the state-court probate case is barred by the *Younger* abstention doctrine.

## IV.

Accordingly, the Court will dismiss this action by separate Order.

Date: May 13, 2024

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant
A961.014